UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| RANDY STEVEN STARNES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF TENNESSEE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-CV-143 |

**ORDER**

Plaintiffs filed their Complaint in this Court on July 2, 2026, accompanied by an application to proceed *in forma pauperis*. [Docs. 1 & 2]. The undersigned prepared a Report and Recommendation to be presented to the District Court screening the Complaint pursuant to 28 U.S.C. § 636, the standing orders of this Court, and the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260 (6th Cir. 1990). In the Report and Recommendation, the undersigned granted leave to proceed *in forma pauperis* and recommended that Plaintiffs Kimberly Pearl Morgan and Steven Alexander Britt be dismissed as parties to this action, that Defendant State of Tennessee be dismissed with prejudice, that Defendant the Greene County Sheriff's Department be dismissed without prejudice, that the claim against Defendant Tennessee Bureau of Investigation ("TBI") for prospective removal of Plaintiff Randy Steven Starnes from Tennessee's Sex Offender Registry be allowed to proceed, and that all other claims against the TBI be dismissed. [Doc. 9]. The District Court has not yet ruled upon the Report and Recommendation.

On October 5, 2026, Plaintiff Randy S. Starnes filed a Motion to Amend Complaint [Doc. 12] seeking to add the Greene County Criminal Court as a defendant. Rule 15 of the Federal Rules

of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). At the same time, amendment is not appropriate in instances of bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). Additionally, pursuant to the Local Rules of this District, "[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion." L.R. 15.1.[1]

Plaintiff seeks to amend the Complaint to add the Greene County Criminal Court as a defendant; however, his request is not well taken for two reasons. First, Plaintiff failed to file a proposed amended complaint with his Motion as required by Local Rule 15.1. Second, because

[1] The Local Rules for the Eastern District of Tennessee may be found at https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf

Greene County Criminal Court is a building and not a "person" under § 1983, it is not a defendant subject to suit. *See Marable v. Rutherford Co. Sheriff's Dep't*, No. 3:16-CV-01127, 2016 WL 3232814, at *2 (M.D. Tenn. June 13, 2016) ("The Sixth Circuit 'has held that a state court is not a 'person' within the meaning of that term as used in § 1983[.]' " (quoting *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993)). Accordingly, Plaintiff's Motion [Doc. 12] must be **DENIED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge